SARGENT *v.* PUTNAM.

An action at law may be committed, without the consent of the parties, to one or more referees for the settlement of accounts too complicated to be intelligently investigated and adjusted in a jury trial.

ASSUMPSIT, on the common counts, and a special count on a written contract. The plaintiff's specification, containing two hundred and thirteen items, amounted to more than $35,000. Sixty-four of the items, specially disputed, amounted to more than $7,000. The defendant's set-off, containing one hundred items, amounted to more than $50,000. Both parties moved for the appointment of an auditor, for the reason that the accounts were so long and complicated that they would not be comprehended by a jury. The court, upon examination, finding that the accounts, by reason of their length and complication, could not be understood or intelligently adjusted by a jury, committed the cause to a referee, and the defendant excepted.

*Stevens & Parker*, for the defendant.

*Burns*, for the plaintiff.

DOE, C. J. Section 2 of chapter 35, Laws of 1876, authorizes the court to commit to one or more referees any cause at law or equity, or the determination of any question of fact "wherein the parties are not, as matter of right, entitled to a trial by jury." "As matter of right" here means as matter of constitutional right. And, by the constitution, neither party is entitled to a jury trial for the settlement of accounts too complicated to be intelligently investigated and adjusted in that way. *Copp* v. *Henniker*, 55 N. H. 179, 210, 211 ; *Perkins* v. *Scott*, 57 N. H. 55, 81, 82, 83, 84 ; *Bellows* v. *Bellows, ante,* p. 60.

*Exception overruled.*

BINGHAM, J., did not sit.